IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANE J. CORPA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:18-CV-987-WHA |
| ) | |
| DALE COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Dane J. Corpa, an indigent inmate incarcerated in the Dale County Jail, in which he alleges that jail personnel have acted with deliberate indifference to his safety and medical/mental health needs.  Doc. 1 at 2–3.  Corpa also complains that he has been denied the opportunity to bring criminal charges against inmates who he alleges assaulted him.  Doc. 1 at 3.  Corpa names the Dale County Jail, Wally Olson, the Sheriff of Dale County, Lt. Steve Baxley, Brandon Tucker, Harvey Mcloud and Eric Baker as defendants in this cause of action.

Upon thorough review of the complaint, the court finds that the claims presented by Corpa against the Dale County Jail, Wally Olson, Brandon Tucker and Harvey

Mcloud are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II.  DISCUSSION

### A.  Dismissal of Dale County Jail

Corpa names the Dale County Jail as a defendant in this case.  The law is well settled that

> in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id*. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. *See Grech v. Clayton Cty.*, 335 F.3d 1326, 1343 (11th Cir. 2003). Consequently, a county jail [is] not [a] viable defendant[] under Section 1983. *Williams v. Chatham Cty. Sherriff's Complex*, Case No. 4:07-CV-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

*Bell v. Brown*, 2017 WL 3473845, at *5 (S.D. Ga. Aug. 11, 2017); *see Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.").

---

[1] The court granted Corpa leave to proceed *in forma pauperis* in this case.  Doc. 3.  This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In light of the foregoing, it is clear that the Dale County Jail is not a legal entity subject to suit and is therefore due to be dismissed as a defendant in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Request for Criminal Charges

Insofar as Corpa seeks to have state criminal charges brought against the defendants, he is due no relief from this court. A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (plaintiff has no constitutional right to have a defendant prosecuted); *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, *1 (6th Cir. 1999) ("[T]he district court properly dismissed [Plaintiff's] complaint as frivolous . . . [because] contrary to [his] belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted."); *see also Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003) (criminal statutes "do not convey a private right of action."); *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997) (no private right of action exists under federal statute criminalizing conspiracies to deprive an individual of his constitutional rights); *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997) ("Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States. The statute does not create a private cause of action. *Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2nd

Cir. 1992); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985)."). Thus, the request for criminal prosecution of the defendants alleges violation of a legal interest which clearly does not exist and, as such, is due to be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### C.  Respondeat Superior

Corpa alleges that defendant Baxley acted with deliberate indifference to his safety by placing him in Cell Block 3 instead of protective custody. Doc. 1 at 2–3. Corpa also complains that defendant Baker acted with deliberate indifference to his mental health and medical needs by failing to place him on suicide watch upon his initial entry into the jail and refusing him medical treatment for injuries suffered in an attack by other inmates. Doc. 1 at 3. Other than listing defendants Olson, Tucker and Mcloud in the style of the complaint, he makes no allegations against them.

The law is well settled "that Government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of respondeat superior [or for their co-workers pursuant to vicarious liability]. . . . *Robertson v. Sichel*, 127 U.S. 507, 515–516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ('A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties'). Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001) (A supervisory official "can have no respondeat superior liability for a section 1983 claim."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding government officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability.). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677, 129 S.Ct. 1949. Thus, liability for any actions of defendants Baxley and Baker could attach to defendants Olson, Tucker and Mcloud only if the latter defendants "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [their] actions . . . and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360.

Since the complaint is devoid of allegations against defendants Olson, Tucker and Mcloud and these defendants cannot be held liable on the basis of either respondeat superior or vicarious liability, the court finds dismissal of the complaint as to defendants Olson, Tucker and Mcloud is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Dale County Jail and his request for criminal prosecution of the defendants be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Dale County Jail be dismissed as a defendant in this cause of action.

3.  Defendants Wally Olson, Brandon Tucker and Harvey Mcloud be dismissed as parties in this case pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

4.  This case, with respect to the plaintiff's deliberate indifference claims against defendants Steve Baxley and Eric Baker, be referred back to the undersigned for appropriate proceedings.

On or before **December 13, 2018** the plaintiff may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of

justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of November, 2018.

          /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE