IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANE J. CORPA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:18-CV-987-WHA |
| | ) |
| LT. STEVE BAXLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Dane J. Corpa, an indigent inmate currently incarcerated at the Dale County Jail on several charges related to his alleged possession of child pornography and dissemination of such pornography.  In this case, Corpa challenges his area of housing in the jail and the lack of medical treatment he received after an alleged attack by other inmates, all of which occurred in July of 2018.  Doc. 1 at 2–3.  The defendants remaining in this civil action are Steve Baxley and Eric Baker, correctional officers employed at the Dale County Jail.  Corpa seeks a declaratory judgment, injunctive relief and monetary damages for the alleged violations of his constitutional rights.  Doc. 1 at 4.

The defendants filed a special report and supporting evidentiary materials addressing the claims presented in the complaint.  In these documents, the defendants deny they acted in violation of Corpa's constitutional rights and further argue that this case is

due to be dismissed because prior to filing this cause of action Corpa failed to properly exhaust an administrative remedy available to him at the Dale County Jail addressing the claims presented in the complaint. Doc. 14 at 4–6. The defendants base their exhaustion defense on Corpa's failure to file any grievance regarding the claims raised in this case. Doc. 14-3 at 2–3; Doc. 14-5 at 2–3.

Upon review of the special report filed by the defendants, the court issued an order on March 13, 2019 providing Corpa an opportunity to file a response to the report. Doc. 15. This order specifically directed Corpa to address "the defendant's argument[] that . . . [h]is claims are due to be dismissed because he failed to exhaust his administrative remedies [available at the Dale County Jail] as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act [prior to filing this federal civil action.]" Doc. 15 at 1. The order also advised Corpa that his response should be supported by affidavits or statements made under penalty of perjury and/or appropriate other evidentiary materials. Doc. 15 at 3. The order further cautioned Corpa that unless "sufficient legal cause" is shown within fifteen days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special report[] and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is proper, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." Doc. 15 at 4 (footnote omitted). The time allowed Corpa to file a response to

this order expired on March 28, 2019.  As of the present date, Corpa has filed no response to the arguments set forth by the defendants as required by the March 13, 2019 order.

Pursuant to the aforementioned order, the court deems it appropriate to treat the report filed by the defendants as a motion to dismiss with respect to the exhaustion defense. Thus, this case is now pending on the defendants' motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e with respect to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners s-eeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on*

> *other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a threshold matter that [federal courts must] address before considering the merits of the case. Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks omitted) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) and *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)). The court will therefore "resolve this issue first." *Myles*, 476 F. App'x at 366.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true." *Myles*, 476 F. App'x at 366. "If in that light, the defendant[s] [are] entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). "If the complaint is not subject to dismissal at this step, then the court

should make specific findings in order to resolve the disputed factual issues related to exhaustion." *Myles*, 476 F. App'x at 366 (internal quotation marks and citation omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535 (internal citations omitted). Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury [or other factfinder]." *Id*.

Upon review of the complaint, the defendants' special report and the evidentiary materials filed in support of such report, the court concludes that the defendants' motion to dismiss is due to be granted.

## III.  DISCUSSION

Corpa challenges actions taken against him and conditions to which was subjected at the Dale County Jail. In their response, the defendants deny they violated Corpa's constitutional rights and also assert that this case is subject to dismissal because Corpa failed to properly exhaust the administrative remedy provided to him at the Dale County Jail prior to filing the instant complaint as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought–monetary damages–cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion

statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, --- U.S. ---, ---, 136 S.Ct. 1850, 1857 (2016). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id*. at 1855. Generally, a remedy is "available" when it has "'sufficient power or force to achieve an end,' [or is] 'capable of use for the accomplishment of a purpose[.]'" *Booth*, 532 U.S. at 737. Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90–91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84; *Bryant*, 530 F3d at 1378 (To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process.");

*Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the Dale County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. Doc. 14-2 at 3–4. In addition, the undisputed evidentiary materials filed by the defendants demonstrate that Corpa has access to the grievance procedure at the Dale County Jail — i.e., the procedure is available to him during his incarceration in the jail. The grievance procedure allows an inmate to submit grievances to the Jail Administrator or Jail Supervisor with respect to complaints and problems occurring at the Dale County Jail.

> The relevant portion of the grievance procedure provides as follows:
>
> 1. To ensure quick and effective communication with Jail Staff, an Inmate Request Form is available to you [the inmate]. You may request an Inmate Request Form from Jail Staff Personnel.
>
> 2. Upon receipt of a signed and completed Inmate Request Form, the Jail Administrator or Jail Supervisor will make the appropriate response (if the request is not frivolous in nature).
>
> 3. The Jail Administrator or Jail Supervisor will act upon the request based on his/her investigation or knowledge of the situation.

4.  If the Inmate is not satisfied with the action taken on the Inmate Request Form, he/she May appeal in writing up the Chain of Command to the Dale County Sheriff who is the final source of administrative appeal.

5.  You [the inmate] will not be subjected to any adverse action for utilizing the administrative remedy procedures.

6.  Multiple Inmates may not join in signing the same Inmate Request Form.  Each Inmate Request Form can be submitted by only one Inmate.

7.  Forms submitted that are illegible and unsigned will be discarded.

Doc. 14-2 at 3–4.

The record before the court demonstrates that Corpa has an administrative remedy available to him while confined in the Dale County Jail.  The undisputed evidentiary materials filed by the defendants further establish that Corpa failed to properly exhaust this remedy prior to filing this federal civil action.  Specifically, despite the availability of a grievance procedure and his access thereto, Corpa did not file a grievance with respect to his housing concerns or medical treatment in accordance with the jail's grievance procedure prior to filing this civil action.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him at the Dale County Jail prior to initiating this cause of action.

9

2. This case be dismissed without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy as it appears that such remedy remains available to the plaintiff.

3. The parties bear their own costs in this case.

The parties may file objections to the Recommendation on or before **April 26, 2019**. The objecting party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The parties are advised that frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of April, 2019.

    /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE